IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INFERNAL TECHNOLOGY, LLC, and | § | |
| TERMINAL REALITY, INC., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-01397-M |
| | § | |
| ACTIVISION BLIZZARD INC., | § | |
| Defendant. | § | |

## **ORDER**

On October 2, 2020, Defendant Activision Blizzard Inc. filed a Motion to Compel Production of Documents and Communications Improperly Withheld as Privileged or Not Relevant (ECF No. 180). As a result of a series of meaningful discussions among counsel, the parties resolved many of the matters in dispute. The Court also held a hearing on December 17, 2020, and entered an order determining certain issues that were not resolved by agreement. *See* Order (ECF No. 215). The Court ordered counsel to meet and confer further about a limited number of unresolved issues. Again, the parties' meaningful efforts resulted in a partial resolution of their dispute. All that remains now is a dispute regarding the sufficiency of Plaintiffs' production of ESI for Mark Randel responsive to Activision's search terms for the timeframe from September 6, 2013 to present; Plaintiffs have not produced 87 documents that were responsive to ESI search terms, which Plaintiffs contend are not relevant, not responsive to any Activision Request for Production, or are duplicative. The Court held another hearing on

February 22, 2021, to consider the parties' arguments. At the conclusion of the hearing, the Court ordered Plaintiffs to submit the remaining disputed documents *in camera.* The Court has now reviewed those documents and SUSTAINS Plaintiffs' relevance objections as to the following documents:

| Randel Doc. No. | Full Archive Bates No. |
| --- | --- |
| 17 | TRIDRIVES10-ARCHIVE-00350591 |
| 18 | TRIDRIVES10-ARCHIVE-00350592 |
| 19 | TRIDRIVES10-ARCHIVE-00350596 |
| 20 | TRIDRIVES10-ARCHIVE-00350598 |
| 27 | TRIDRIVES10-ARCHIVE-00350988 |
| 28 | TRIDRIVES10-ARCHIVE-00350989 |
| 29 | TRIDRIVES10-ARCHIVE-00350998 |
| 30 | TRIDRIVES10-ARCHIVE-00351002 |
| 31 | TRIDRIVES10-ARCHIVE-00351017 |
| 32 | TRIDRIVES10-ARCHIVE-00351063 |
| 33 | TRIDRIVES10-ARCHIVE-00351064 |
| 54 | TRIDRIVES10-ARCHIVE-00351576 |
| 55 | TRIDRIVES10-ARCHIVE-00351578 |
| 56 | TRIDRIVES10-ARCHIVE-00351603 |
| 57 | TRIDRIVES10-ARCHIVE-00351605 |

Plaintiffs' objections to the remaining documents are OVERRULED. Particularly with respect to Plaintiffs' relevance objection, Rule 26(b)(1) defines what is relevant very broadly. *See, e.g., Samsung Electronics Am., Inc. v. Chung,* 321 F.R.D. 250, 280 (N.D. Tex. 2017) ("To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value."). The remaining documents have enough probative value to warrant production. Accordingly, Plaintiffs must produce the remaining documents to counsel for Activision no later than March 17, 2021.

**SO ORDERED**.

March 10, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3